Allison SMITH, Plaintiff,

v.

ZAZZLE.COM, INC., Defendant.

Case No. 08–22371–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 9, 2008.

Matthew Jon Militzok, Esq., Hollywood, FL, for Plaintiff.

Guy Alan Lewis, Esq., Susan Capote, Esq., Micheal Ross Rein, Esq., Lewis Tein, Coconut Grove, FL, Glenn C. Colton, Esq., James D. Metzger, Esq., Wilson Sonsini Goodrich & Rosati PC, New York, NY, for Defendant.

### *ORDER OF DISMISSAL*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss (D.E. # 7) filed October 9, 2008, in which the Defendant asserts that the instant action should be dismissed for the following reasons: (1) the plain language of the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. § 1681c, does not provide a cause of action for internet re-

ceipts; (2) FACTA is unconstitutionally vague and its. damage provision violates due process; and (3) Plaintiff's vague allegations fail to adequately allege a willful violation of FACTA. On October 27, 2008, the Plaintiff filed her Response (D.E. # 13). On November 17, 2008, the Defendant filed its Reply (D.E. # 16).

## I. BACKGROUND

The Plaintiff alleges that, on August 12, 2008,[1] she engaged in an internet purchase with the Defendant. *See* Compl., Exhibit A. Defendant provided an internet receipt that contained the expiration date of the Plaintiff's credit/debit card. *See id.* at ¶ 14. This receipt was automatically displayed on the Plaintiff's computer screen after the transaction had occurred, rather than being submitted to the Plaintiff through an email. *See id.* at Exhibit A. Furthermore, the Plaintiff alleges that the requirements of FACTA were disseminated to the Defendant by various companies and councils affiliated with the credit-card industry. *See id.* at ¶ 15. Due to this notice, the Defendant's failure to comply with the requirements of FACTA allegedly constitutes a willful violation. *See id.* Also, the Plaintiff alleges that she was actually harmed by being exposed to an increased risk of identity theft, but she does not seek actual damages because such would be too difficult to quantify. *See id.* at ¶ 22. Instead, she seeks to collect statutory damages, punitive damages, and reasonable attorneys fees and costs. *See id.* at ¶ 21. Finally, the Plaintiff alleges that similar willful violations by the Defendant have affected other similarly-situated individuals. *See id.* at ¶ 19.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, the court must accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff. *See M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir.2006). Finally, "[i]n analyzing the sufficiency of the complaint, [the Court] limit[s][its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III. DISCUSSION

The pertinent section of FACTA, which was enacted on December 4, 2003, provides:

(g) Truncation of credit card and debit card numbers

(1) In general

Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall *print* more than the last 5 digits of the card

---

1. The undersigned has considered the applicability of the Credit and Debit Card Receipt Clarification Act, 15 U.S.C. § 1681n(d), in which Congress altered the elements necessary for a willful violation for those receipts provided to cardholders between December 4, 2004, and June 3, 2008. *See* 15 U.S.C. § 1681n(d). However, this amendment is not applicable to the instant action because the conduct complained of occurred after June 3, 2008.

number or the expiration date upon any receipt provided to the cardholder at the *point of the sale* or transaction.

(2) Limitation

This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

(3) Effective date

This subsection shall become effective—

(A) 3 years after December 4, 2003, with respect to *any cash register or other machine or device* that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and

(B) 1 year after December 4, 2003, with respect to *any cash register or other machine or device* that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

15 U.S.C. § 1681c(g) (emphasis added).

■ The Defendant asserts that the proper approach concerning whether internet receipts may form a cause of action under FACTA was outlined in three recent decisions of this District—i.e., *Grabein v. Jupiterimages Corp.*, 2008 WL 2704451

(S.D.Fla. July 7, 2008) (Torres, Mag.); *Haslam v. Federated Dep't Stores, Inc.*, Case No. 07–61871 (S.D.Fla. May 16, 2008) (Middlebrooks, J.);[2] *Edwin King v. Movietickets.com*, Case No. 07–22119 (S.D.Fla. Feb. 13, 2008) (Gold, J.)—each of which determined that the plain meaning of the term "print" under 15 U.S.C. § 1681c(g)(1) establishes that Congress never intended for FACTA to apply to internet receipts. In those decisions, the Court refused to follow prior precedent—i.e., *Grabein v. 1–800–Flowers.com, Inc.*, 2008 WL 343179 (S.D.Fla. Jan. 29, 2008) (Huck, J.); *Vazquez–Torres v. Stubhub, Inc.*, 2007 U.S. Dist. LEXIS 63719 (C.D.Cal. July 2, 2007)—which held that an internet receipt could form the basis of a FACTA action. The Court reasoned that, by failing to interpret the term "print" within the context of § 1681c(g) as a whole, these previous decisions had misinterpreted this term. *See Jupiterimages*, 2008 WL 2704451, at *5 (discussing that both Judge Gold and Judge Middlebrooks, in *King* and *Haslam*, respectively, declined to follow *1–800–Flowers.com* and *Stubhub* because neither of those decisions considered "the plain meaning of the word 'print' within the context of § 1681c(g) as a whole"). The undersigned agrees.

■ The plain meaning of the term "print" is dispositive. As a general rule, if a statute is unambiguous, there is no need to consult legislative history. *See CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir.2001). Here, the term "print" is not defined in the statute.

**2.** The undersigned notes that, in *Haslam*, the receipt at issue was the same type of receipt at issue in the instant action. Even though the reasoning of both *King* and *Jupiterimages* is broad enough to exclude internet receipts that are automatically displayed on the computer screen from the truncation requirement of FACTA, the receipts in those cases were instead submitted to the customer through email. However, in *Haslam*, the receipt was automatically displayed on the computer screen, which is the same kind of receipt at issue here.

Thus, it is necessary to determine the meaning of this term by its common usage. *See Consol. Bank, N.A. v. United States Dep't of the Treasury*, 118 F.3d 1461, 1464 (11th Cir.1997) ("In the absence of a statutory definition of a term, we look to the common usage of words for their meaning."). The parties provide competing definitions of the term "print" from different dictionaries, but this does not establish that the term is ambiguous and legislative history should be consulted. Rather, canons of statutory construction should first be utilized. *See CBS*, 245 F.3d at 1225 ("Even where the statutory language is not entirely transparent ... the Court has tools at its disposal for elucidating the meaning of statute without reverting to legislative history. These tools are the canons of construction.... The canons assist the Court in determining the meaning of a particular statutory provision by focusing on the broader, statutory context."). One such canon is the principle of *ejusdem generis*, which directs courts to interpret a general term in light of the more-specific terms of the statute. *See Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir.2000).

Based upon the other language in FACTA, the undersigned concludes that the term "print", as Congress intended to use it here, unambiguously means the imprinting of something on paper or another tangible surface. Subsection 1681c(g) also uses the phrases "point of the sale" and "any cash register or other machine or device" to describe the type of printing that is prohibited. 15 U.S.C. § 1681c(g)(1), (3). This language clearly evinces an intent that the term "print" refer to the merchant's imprinting of information on a paper receipt from a device such as a "cash register" at the "point of the sale." Thus, a merchant's internet receipt that is automatically displayed on a computer screen is not subject to FACTA's truncation requirement.[3] If Congress had intended to extend the prohibitions of FACTA to email transmissions, the plain language of this statute would reflect such an intention. *See In re Griffith*, 206 F.3d 1389, 1394 (11th Cir.2000) ("Congress is presumed to know the content of existing, relevant law ... and that, '[w]here Congress knows how to say something but chooses not to, its silence is controlling ....'" (quoting *In re Haas*, 48 F.3d 1153, 1156 (11th Cir.1995))). In sum, the plain meaning of the unambiguous term "print" establishes that the Plaintiff does not have a cause of action under FACTA for this internet receipt.[4]

## IV. CONCLUSION

Accordingly, after a careful review of the record, it is ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss (**D.E. # 7**) be, and the same is hereby, **GRANTED.** The instant action is

---

**3.** The Plaintiff asserts that two separate statutes (i.e., (1) the Federal Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001; and (2) the Uniform Electronic Transactions Act, section 668.50 of the Florida Statutes) support that the term "print" encompasses internet receipts. However, the undersigned concludes that consideration of these separate statutes is improper because the other language of FACTA, the statute at issue in the instant action, clearly establishes an unambiguous meaning for the term "print."

**4.** Due to the fact that this conclusion concerning the plain meaning of the word "print" resolves this Motion, the undersigned does not address the Defendant's other assertions for why the instant action should be dismissed.

hereby **DISMISSED.** The Clerk shall **CLOSE** this case.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 8th day of December, 2008.